■ BARBARA A. RUSSELL, Appellant, v H. FRIEDMAN & SONS, INC., et al., Respondents. H. FRIEDMAN & SONS, INC., Third-Party Plaintiff, v GERALD K. OSINOFF, Third-Party Defendant. — Order and judgment of the Supreme Court, Bronx County, entered December 18, 1979 and March 26, 1980, respectively, dismissing plaintiff's complaint and the complaint of the third-party plaintiff and denying plaintiff's posttrial motion to vacate the judgment, unanimously modified, on the facts and in the interest of justice, to reinstate plaintiff's complaint as against defendant Friedman and the third-party complaint against the third-party defendant and remand for a new trial as to defendant Friedman and the third-party defendant, with costs to abide the event, and otherwise affirmed. Plaintiff, an employee of the third-party defendant, Osinoff (a nursing home operator), was injured when a cutting board attached to a hot food table collapsed, causing a pot of hot soup which was resting on the board to spill and burn her legs. She instituted suit against Friedman (the assembler) and Duke (the manufacturer). There was evidence at the trial that the installation of the cutting board onto the hot food table was improperly performed by Friedman, that Friedman was notified of this condition, came to the nursing home, examined the cutting board and table but made no changes. After the accident, the nursing home had its maintenance man repair the cutting board-table assembly. There was evidence that Duke was not responsible for the accident. A series of questions contained in a verdict sheet was submitted to the jury. First, the verdict sheet returned by the jury (CPLR 4111, subd [c]) exonerated Duke. Next, it reported that Friedman did not properly install the cutting board as part of the table and that the nursing home was negligent in allowing plaintiff to use the table on the day of the accident. It declared that no percentage of the fault was attributable to Friedman and that 100% was attributable to the nursing home. Finally, it stated that plaintiff was entitled to recover $20,000 damages. It is not clear from this verdict sheet whether the jury found Friedman liable to plaintiff and the third-party defendant liable to Friedman, or whether the jury absolved Friedman from liability and found the third-party defendant liable. By virtue of the pleadings the jury could not properly make an award in favor of plaintiff as against the third-party defendant, as plaintiff's lawsuit was only against Friedman and Duke, and not against the third-party defendant. Yet, the finding that the nursing home was 100% at fault would appear to exonerate Friedman. The trial court's effort, expressed in its decision of December 18, 1979, to uphold the verdict as consistent is strained. In view of the jury's finding that Friedman did not properly install the cutting board, the court was not warranted in concluding that the jury found that the negligence of the nursing home was the sole and proximate cause of the accident. Indeed, if the jury did find that the nursing home was solely and proximately responsible, such finding would be against the weight of the credible evidence. Since a new trial is ordered, we find it unnecessary to pass upon the question of the adequacy of the damages awarded by the jury. Concur — Kupferman, J.P., Birns, Ross, Carro and Fein, JJ.